The Honorable Mary Jo Heston
Chapter 7

UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

Scott Matthew Kenyon, and
Karin Anastasia Kenyon,

              Debtors.

CASE NO.: 23-41213-MJH

OBJECTION TO EXEMPTIONS
WITH CERTIFICATE OF SERVICE

Creditors, Bjorn Anderson, Jennifer Palau and Neil Ross, Edmund and Jennifer Burk. Brett Heersink and Wendy Yocom Janice Manson & Leanne Headley, and Max Fields (collectively "Creditors"), through their undersigned attorney (hereinafter, "Creditors' Counsel"), hereby object to the exemption claimed by the Debtors, Scott Matthew Kenyon, and Karin Anastasia Kenyon ("Debtors"), in the real property located at 3315 N. 35th St. Tacoma, WA 98407 (the "Property").

Debtors filed their Chapter 7 petition on July 27, 2023 and Schedule C was filed on August 11, 2023. Debtors claimed the Property exempt under Washington's homestead exemption, RCW 6.13 et seq., in the amount of $554,400.00

On information and belief, Debtors had operated a construction company for years and collected hundreds of thousands of dollars from unsuspecting consumers for whom Debtors did not complete projects as promised.

1

OBJECTIONS TO EXEMPTIONS
WITH CERTIFICATE OF SERVICE

Law Office of Mark McClure, P.S.
1103 W Meeker St., Ste 101
Kent, WA 98032
(253) 631-6484

On information and belief, 1) Debtors and Debtors' business entity commingled property rights or interest were intertwined to such an extent that the business entity and Debtors functioned as one single entity, and 2) to regard Debtors and Debtors' business entity as separate would aid in the consummation of a fraud or wrong upon others.

On information and belief, Debtors have diverted those funds, which were collected for the purpose of completing the consumers' projects, to the Debtors' own use.

On information and belief, Debtors have used those funds to improve their residence located at 3315 N. 35th St. Tacoma, WA 98407.

On information and belief, the alleged equity in the Property was created by funds which belong to consumers; thus, Creditors claim that such uses of creditors' funds have established a constructive trust or an equitable lien in Debtors' alleged equity in their residence. "A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Baker v. Leonard*, 120 Wash. 2d 538, 547-48, 843 P.2d 1050 (1993). The Creditors made payments to Debtors or to Debtors' entity and Debtors retained those payments at the Creditors' expense because Debtors did not complete projects as promised. Therefore, the alleged equity does not qualify to be protected under Washington's homestead exemption.

On information and belief, Debtors were unjustly enriched at the expense of Creditors. Creditors assert that (1) Creditors conferred benefits (payments) on Debtor; (2) Debtor received the benefit and had an appreciation or knowledge of the benefit; and (3) Debtors accepted or retained the benefits under circumstances that make it inequitable for the receiving party (Debtors) to retain the benefit without paying its value. As mentioned above, Debtors did not

OBJECTIONS TO EXEMPTIONS
WITH CERTIFICATE OF SERVICE

Law Office of Mark McClure, P.S.
1103 W Meeker St., Ste 101
Kent, WA 98032
(253) 631-6484

deliver on the projects as promised, therefore, they were unjustifiably and unjustly enriched by the Creditors.

On information and belief, Debtors made numerous fraudulent transfers. Under the Uniform Fraudulent Transfer Act ("UFTA"), a transfer may be fraudulent under one of two general circumstances. First, a transfer made by a debtor with actual intent to hinder, delay, or defraud any creditor is fraudulent. RCW 19.40.041(a)(1). Second, a transfer made by a debtor without adequate consideration can be constructively fraudulent when (1) the debtor was engaged in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, RCW 19.40.041(a)(2)(I), or (2) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer, RCW 19.40.051(a).

Under 11 USC § 522 (o)(4) regarding a homestead claim, that claim,

> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

On information and belief, the value of Debtors' homestead property is attributable to portions of property (payments from the Creditors) that Debtors disposed of within the 10-year period prior to the filing of their bankruptcy petition with the intent to hinder, delay, or defraud Creditors and that therefore Debtors cannot exempt that portion of the claimed homestead because Debtors had held the property of Creditors and so disposed of it to Debtors benefit.

Additionally Creditors object to Debtors' claim of exemptions listed for 2020 Ford Explorer, 2018 Ford 150, 1998 Mercedes, 1994 Ford F-150, 2001 Homemade Utility Trailer, 2009 Enclosed Utility Trailer, and 401(k) to the extent that equity in those assets are derived

3

OBJECTIONS TO EXEMPTIONS
WITH CERTIFICATE OF SERVICE

Law Office of Mark McClure, P.S.
1103 W Meeker St., Ste 101
Kent, WA 98032
(253) 631-6484

from or traceable to the funds of creditors and/or the alleged equity in their residence which was utilized to fund the 401(k) account or create equity in those assets.

Creditors reserve the right to assert any other basis for objection to exemptions as permitted by law or fact.

Dated this 27th day of September, 2023

By: /S/ Masafumi Iwama
Masafumi Iwama, WSBA #40821
Attorney for Creditors.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Washington that the following is true and correct:

That on September 27, 2023, I deposited in the United States mail, first class postage prepaid, a copy of the Objection to Exemption addressed as follows:

| | |
|---|---|
| Scott Matthew Kenyon, and<br>Karin Anastasia Kenyon<br>3315 N. 35th St.<br>Tacoma, WA 98407 | Brett L Wittner<br>Morton McGoldrick, P.S.<br>820 A Street, Suite 600<br>Tacoma, WA 98402 |

By: /S/ Masafumi Iwama
Masafumi Iwama, WSBA #40821
Attorney for Creditors.

4

OBJECTIONS TO EXEMPTIONS
WITH CERTIFICATE OF SERVICE

Law Office of Mark McClure, P.S.
1103 W Meeker St., Ste 101
Kent, WA 98032
(253) 631-6484